IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK E. MARTIN, JR. And BRUNETTA HILL-CORLEY, | ) ) ) | |
| Plaintiff, | ) ) | No. 12 C 4081 |
| v. | ) ) | Judge Robert W. Gettleman |
| SAUK VILLAGE, an Illinois Municipal corporation, Sauk Village Board Trustees DAVID HANKS, DERRICK BURGESS, ROSIE WILLIAMS, and ED MYERS, in their official and individual capacities, Sauk Village Police Officers REBECCA SAILSBERRY, TIMOTHY HOLEVIS, in their official and individual capacities, and LISA GIBBONS, | ) ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs, Frank E. Martin, Jr., and Brunetta Hill-Corley, have filed a four-count complaint against their former employer, Sauk Village, Village Board Trustees David Hanks, Derrick Burgess, Rosie Williams, and Ed Myers, Village Police Officers Rebecca Sailsberry and Timothy Holevis, and Lisa Gibbons, a former Secretary for the Village Police Department. Counts III and IV of the complaint allege that defendants Sailsberry, Holevis, and Gibbons conspired to interfere with the plaintiffs' civil rights in violation of 42 U.S.C. § 1985(3). Defendant Sailsberry has moved to dismiss those counts under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons discussed below, Sailsberry's motion to dismiss is granted.

# FACTS[1]

On June 9, 2009, plaintiff Hill-Corley, an African-American woman, was hired by defendant Sauk Village to serve as the village's Chief of Staff. On January 12 of the following year, plaintiff Martin, a 73-year-old African-American man, was hired by defendant Sauk Village to serve as the village's Chief of Police. On April 16, 2010, plaintiff Martin terminated defendant Lisa Gibbons from her position as secretary for the Sauk Village Police Department. Shortly thereafter, on May 25, 2010, plaintiffs Martin and Hill-Corley were terminated from their positions with Sauk Village.

# LEGAL STANDARD

Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The purpose of such a motion is to test the sufficiency of the complaint, not to rule on its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990). When considering the motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. McMillan v. Collection Professionals Inc., 455 F.3d 754, 758 (7th Cir. 2006). The complaint must plead sufficient facts to plausibly suggest that plaintiff has a right to relief and raise that possibility above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

# DISCUSSION

Count III of the complaint alleges that defendants Sailsberry, Holevis, and Gibbons conspired to deprive plaintiff Martin of his civil rights and privileges in violation of 42 U.S.C. § 1985(3). Count IV alleges the same with respect to plaintiff Hill-Corley. Counts III and IV both

---

[1] The following facts are taken from plaintiffs' complaint and are accepted as true for the purpose of plaintiffs' motion to dismiss. Sharp Electronics Corp. v. Metro. Life Ins. Co., 578 F.3d 505, 510 (7th Cir. 2009).

allege that defendants Sailsberry, Holevis, and Gibbons conspired to create false reports indicating that plaintiff Martin reprimanded them without cause, and that he threatened to prevent them from picking up their children and would suspend them if they complained. Plaintiffs also allege that defendants conspired to create false reports that Hill-Corley exercised favoritism in her payment of tuition benefits, that she engaged in covering up a misconduct complaint against plaintiff Martin, and that she hired and promoted almost entirely African-American employees with the inference that she did not like defendants because they were Caucasian.

Sailsberry has moved to dismiss Counts III and IV of the complaint, arguing that the claims are barred by the intracorporate conspiracy doctrine. Sailsberry correctly asserts that, pursuant to the doctrine, a conspiracy claim under § 1985(3) is barred when all of the named conspirators are employees of the same entity. Travis v. Gary Cmty. Mental Health Ctr., Inc., 921 F.2d 108, 110 (7th Cir. 1990). The doctrine stems from the principle that a corporation and its employees are considered one person when the employees act within the scope of their employment, and that a corporation cannot conspire with itself; therefore, members of the same entity cannot conspire with one another for purposes of a § 1985(3) claim. *Id.* Sailsberry argues that each of the defendants in Counts III and IV of plaintiffs' complaint were employees of Sauk Village at the time of the events complained of and therefore could not conspire with one another.

Plaintiffs' sole argument in response is that defendant Gibbons was terminated from her employment with Sauk Village on April 16, 2010. The crux of plaintiffs' argument rests on Gibbons' status as a non-employee during the period following her termination on April 16 and the plaintiffs' termination on May 25, 2010. Plaintiffs appear to argue that the intracorporate conspiracy

doctrine does not apply because at least part of the alleged conspiracy occurred during the time when Gibbons was no longer employed by Sauk Village.

Plaintiffs specifically assert in every count of their complaint, however, "that at all times complained-of herein, defendant Lisa Gibbons was a Sauk Village employee." The complaint does not specify during which dates the alleged conspiracy took place, and it does not allege that Gibbons was not an employee at the start of or during the conspiracy. Plaintiffs may not bolster or amend their complaint in a brief in opposition to a motion to dismiss. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984). It is well established that "a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995); see also Palda v. Gen. Dynamics Corp., 47 F.3d 872, 876 (7th Cir. 1995) (Dismissal is warranted when the plain language of a contract attached to the complaint as an exhibit indicates that the requested relief is not merited).

In addition, the false reports described in the complaint relate to Gibbons' time as an employee. For example, the complaint asserts that Gibbons falsely claimed that Martin reprimanded her without cause, and that he threatened to prevent her from picking up her children and suspend her if she complained. Presumably, Gibbons made the false claims about her employment grievances while she was still employed, since she would have little basis for complaining about her work environment after she had already been terminated.

Because the complaint alleges that Gibbons and her co-defendants were all employees of the same entity, Sauk Village, at the time of the conspiracy, the conspiracy claims are barred by the intracorporate conspiracy doctrine.

4

## **CONCLUSION**

For the reasons discussed above, the court grants Sailsberry's motion to dismiss Counts III and IV of plaintiffs' complaint.

**ENTER:** **November 5, 2012**

_____
**Robert W. Gettleman**
**United States District Judge**